IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **FERNANDO BOYRIE FONSECA**<br>    Petitioner,<br><br>        v.<br><br>**UNITED STATES OF AMERICA,**<br>    Respondent. | *<br>*<br>*<br>*<br>*    **CIVIL NO. 07-1630(DRD)**<br>*<br>*<br>*<br>* |

## **OPINION & ORDER**

Before the Court is Petitioner's 28 U.S.C. Sec. 2255 habeas corpus petition (D.E. #1)[1]. Respondent filed a response to the Petition (D.E. #5). For the reasons discussed below, the Court finds the Petition shall be **DENIED**.

**I. BACKGROUND**

On January 16, 2004, a Federal Grand Jury returned a one count Indictment charging the Petitioner Fernando Boyrie-Fonseca (hereinafter "Petitioner" or "Boyrie-Fonseca") and four (4) other co-defendants with conspiracy to possess with the intent to distribute one (1) kilogram of heroin, in violation of Title 21 U.S.C. Sec. 846 (Crim. D.E. 2)[2]. On January 23, 2004, Petitioner was arraigned and pled not guilty to the sole count of the Indictment (Crim. D.E. 12). On August 19, 2004, the trial against Petitioner began (Crim. D.E. 76). After a four (4) day trial, the jury returned a verdict finding

---

[1] D.E. is an abbreviation of docket entry number.

[2] Crim. D.E. is an abbreviation of criminal docket entry.

Civil No. 07-1630(DRD)                                              Page 2

Petitioner guilty of the one count Indictment (Crim. D.E. 76, 78, 81 and 83).  Furthermore, the jury returned a special verdict form finding beyond a reasonable doubt that Petitioner Boyrie-Fonseca had abused a position of public trust in a manner that significantly facilitated the commission of the concealment of the offense and that he conspires to distribute or possess with intent to distribute one (1) kilogram of heroin (Crim. D.E. 87 & 88).

On December 17, 2004, this Court sentenced Boyrie-Fonseca to a term of imprisonment of one hundred and fifty one (151) months and five (5) years of supervised release (Crim. D.E. 115).  In addition a special monetary assessment of one hundred dollars ($100.00) was imposed (Crim. D.E. 116).  On December 23, 2004, Petitioner filed a timely notice of appeal (Crim. D.E. 119).

On April 5, 2006, The United States Court of Appeals for the First Circuit affirmed Boyrie-Fonseca's conviction and sentence (Court of Appeals Docket 05-1115).  Petitioner did not file a petition for certiorari with the United States Supreme Court.  On July 17, 2007, Boyrie-Fonseca filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to Title 28 U.S.C. Section 2255 (D.E. 1). On August 18, 2008, the Government filed its response to said motion (D.E. 6).

AS such the matter is ready for disposition by this Court.

**II. DISCUSSION**

Section 2255(a) provides that a prisoner may move to vacate, set aside, or correct his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such

Civil No. 07-1630(DRD)                                        Page 3

sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), section 2255 petitions must be filed within one year of the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Title 28, United States Code, Section 2255(f).

Under the circumstances of this case, the limitations period for Petitioner to file his Section 2255 petition began to run on "the date on which the judgment of conviction became final." 28 U.S.C. Sec. 2255(f)(1). "For federal criminal defendants who do not file a petition for certiorari with the Supreme Court of the United States on direct review, **section 2255 one year limitation period starts to run when the time for seeking such review expires**." Clay v. United

Civil No. 07-1630(DRD)                                              Page 4

States, 537 U.S. 522, 532 (2003); Neverson v. Farqharson, 366 F.3d 32 (1st Cir.2004). (Emphasis ours.)

On December 23, 2004, Boyrie-Fonseca, through his trial counsel, timely filed his notice of appeal.(Crim. D.E. 119). On December 27, 2004, Boyrie-Fonseca filed a pro-se notice of appeal. (Crim.D.E. 120). On March 7, 2005, the First Circuit Court of Appeals entered judgment dismissing one of the two filed appeals by Petitioner for it was deemed duplicitous of appeal no. 05-1115 (Appeal No. 05-1116, D.E. 120). As such Boyrie-Fonseca's appeals process continued with that of his co-defendants under Appeals number 05-1115. On April 5, 2006, The First Circuit Court of Appeals entered its judgment affirming Boyrie-Fonseca's conviction and sentence (Appeal no. 05-1115, D.E. 119). **As such Petitioner had ninety (90) days as of April 5, 2006, to file a writ of certiorari with the Supreme Court of the United States**. Neverson v. Farquharson, 366 F.3d 32, 36 (1st Cir.2004). **Petitioner's ninety (90) days expired July 5, 2006[3]. Boyrie-Foseca failed to file any type of writ with the Supreme Court of the United States, as such his conviction became final July 5, 2006.** (Emphasis ours.)

In order for Petitioner to timely file a section 2255 petition he would have had to file within one year of July 5, 2006, that is no later than July 5, 2007. The record at hand reflects that Boyrie-Fonseca did not file his 2255 petition until July 16, 2007, that is eleven (11) days after the time limitation for filing had

---

[3]The actual term of ninety (90) days expired July 4, 2006 which is a holiday therefore the date of July 5, 2006.

Civil No. 07-1630(DRD)                                                    Page 5

expired.(D.E. 1).[4]

The Court has not found, nor has Petitioner provided, any reason or exceptions for his untimely filing, as such Petitioner Fernando Boyrie-Fonseca's Petition for relief pursuant to section 2255 is hereby summarily **Denied.**

**III. CONCLUSION**

For the reasons stated, the Court concludes that Petitioner **FERNANDO BOYRIE-FONSECA**, has filed an untimely 2255 petition and is therefore not entitled to federal habeas relief on the claim presented. It is ordered that petitioner **FERNANDO BOYRIE-FONSECA's** request for habeas relief under 28 U.S.C. Sec. 2255 (D.E.#1) is **SUMMARILY DENIED**, and his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. Sec. 2255 is **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 31st of January 2010.

                                        s/Daniel R. Domínguez
                                        **DANIEL R. DOMINGUEZ**
                                        **U.S. DISTRICT JUDGE**

---

[4]The court takes as the date of filing the date that petitioner filed at the prisoner drop box.